## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G. RANDOLPH GOODLETT | : |
| Plaintiff, | : |
| v. | : **C.A. No.:** |
| STATE OF DELAWARE DEPARTMENT OF ELECTIONS, | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

### COMPLAINT

### PARTIES

1.      Plaintiff, G. Randolph Goodlett (hereinafter "Plaintiff"), has at all times relevant to this Complaint been a resident of Kent County, State of Delaware and currently resides at 1427 Woodmill Dr, Dover, DE 19904.

2.      Defendant, State of Delaware Department of Elections (hereinafter "Defendant") is a state agency, and has at all times relevant to this Complaint been the employer of Plaintiff. Defendant is subject to service through the Office of the Commissioner of Elections at 111 South West St, Suite 10, Dover, DE 19904.

### JURISDICTION

3.      Jurisdiction is founded on the existence of a question arising under federal statutes. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state law which prohibits discrimination

1

against employees because of their race. The state law claim regarding the ordinance violations is brought pursuant to the pendent jurisdiction of this Court.

## FACTUAL BACKGROUND

4.      Plaintiff was hired by Donna Harrington ("Ms. Harrington") the Director of Kent County Department of Elections as a full time employee in 1988 as a "Mini/Micro Computer Specialist" for the Kent County Department of Elections.

5.      This position required Plaintiff to manage a mini/micro processing computer system in a multi-user environment. Responsibilities of this job included utilizing various software packages, coordinating and prioritizing the use of the system, managing the day-to-day operation of the system including, but not limited to performing daily backups, creating libraries, loading and modifying programs.

6.      Between 1988 and 1990, Plaintiff was the only technician employed within the Department of Elections. As such, Plaintiff was expected to provide service to all three counties.

7.      Between 1988 and 1996, Plaintiff provided maintenance to Kent County and Sussex County and assisted New Castle County.

8.      In 1990, the New Castle County Department of Elections hired Ed Hyderkahn ("Mr. Hyderkahn"). As a result, Plaintiff became responsible for providing services to only Sussex and Kent Counties.

9.      Between 1990 and 1994, Defendant hired three more technicians all of whom were trained by Plaintiff.

### Plaintiff Required to Outline His Job Responsibilities

10.     In or about 1994 Kent County appointed Joyce Wright ("Ms. Wright") the Director of Kent County Department of Elections.

2

11.    Soon after Ms. Wright's appointment, Ms. Harrington, then the Deputy Administrative Director of Kent County, held a meeting of the Kent County Department of Elections employees and informed them that they, and especially Plaintiff, had to be very careful.

12.    Ms. Wright demanded that Plaintiff provide her with a list of his job description and job responsibilities.  She did not require any other members of the Kent County Department of Elections team to do the same.

13.    Plaintiff supplied Ms. Wright with a summary of his job description.  He added, however, that the job actually required more work from Plaintiff than the list indicated.

### Plaintiff Forced to Attend Meeting Held About Him

14.    Ms. Wright told Plaintiff that no one in the Kent County Department of Elections wanted to work with him.

15.    Ms. Wright held a meeting of the Kent County Department of Elections employees to discuss Plaintiff.

16.    She required Plaintiff's co-workers to contribute verbally to a conversation about Plaintiff and his shortcomings.

17.    Ms. Wright required that Plaintiff attend this meeting.

18.    Plaintiff's requests for assistance were met with threats by Ms. Wright to go to the legislators and tell them that Plaintiff was unable to do his job.

### Reclassification of Plaintiff's Employment

19.    Between 1999 and 2000, Plaintiff's employment status was reclassified. Plaintiff's position was changed from an Application Support Specialist with a pay grade of 14 to a Senior Application Support Specialist with a pay grade of 16.

20.    Plaintiff received instructions that he was to keep his promotion confidential.  He was specifically told not to discuss his promotion with Stanley Anderson ("Mr. Anderson"), an African-American male employed with the New Castle County Department of Elections as an Application Support Specialist.

### Plaintiff Denied Lateral Transfer

21.    In 2001, a Senior Application Support Specialist position opened up in the Commissioner of Elections Office.  This position was posted in house only, meaning that it was open only to current employees of the Department of Elections.

22.    This position represented a lateral transfer for Plaintiff.  Had he received the position, he would have been doing virtually the same job, but in a different county.

23.    Plaintiff was well-qualified for the position.  He possessed thirty (30) years of IT experience, thirteen (13) of those with the Department of Elections, in addition to possessing numerous training certificates.

24.    Plaintiff interviewed for the Senior Application Support Specialist position within the Commissioner of Elections Office.

25.    Plaintiff was not hired to fill this position.

26.    Instead Lisa Wragg ("Ms. Wragg") a Caucasian female employee of Kent County Department of Elections was appointed to the Senior Application Support Specialist position for the Commissioner of Elections Office.

27.    Ms. Wragg began her employment with the Department of Elections as a temporary employee.

28.    She became a full time clerk and then became the Office Manager of the Kent County Department of Elections.

4

29.     While she was acting as a full time clerk and Office Manager for the Department of Elections the County paid for her to attend courses on computer science.

30.     Ms. Wragg had no previous experience working with Information Technology prior to being hired by the Commissioner of Elections Office for the position of Senior Application Support Specialist.

31.     Plaintiff's training was never paid for by Kent County or by the State of Delaware. In fact, at the time of his hire Plaintiff already possessed knowledge of the various software, networks, and information systems that the Senior Application Support Specialist.

### Plaintiff Filed His First Grievance

32.     As required by the Merit Rules, Plaintiff contacted Thomas Cook ("Mr. Cook") the Commissioner of Elections as well as Lisa Blunt-Bradley ("Ms. Blunt-Bradley") the Head of Personnel about the treatment he had received.

33.     In or about 2001, Mr. Cook, the Commissioner of Elections, filed the Respondent's position statement on behalf of the Kent County Department of Elections.

34.     Plaintiff had a hearing before the Merit Employees Relations Board ("MERB") in or about 2001.

35.     The hearing was held to discuss the hiring practices and the disparity in hiring of the Kent County Department of Elections.

36.     After the first day of the hearing, Plaintiff learned that the remainder of the hearing would be postponed. Plaintiff received a new date for his MERB hearing.

37.     In December 2001, Mr. Cook was named the Manager of the Delaware Government Information Center.

38.    In January 2002, Frank Calio ("Mr. Calio") received the nomination and became the Commissioner of Elections.

39.    Mr. Calio contacted Plaintiff to inquire about the grievance that Plaintiff had filed with the MERB.

40.    Mr. Calio informed Plaintiff that if he continued going forward with the grievance, he would be putting a female employee out of work.

41.    Plaintiff took this statement to mean that if he continued with his grievance he would be putting Ms. Wragg out of work.

42.    Mr. Calio questioned whether Plaintiff knew who Senator Nancy Cook ("Senator Cook") was. Plaintiff indicated that yes, he was familiar with Senator Cook.

43.    Mr. Calio then informed Plaintiff that Plaintiff's "actions and their effect on Mr. Cook was going to have ramifications."

44.    Ms. Wright contacted Plaintiff and told Plaintiff that "if the grievance continued it would jeopardize Plaintiff's pension and retirement."

45.    Plaintiff decided under duress to drop his grievance.

### Plaintiff Again Denied Lateral Transfer

46.    In 2003, Ms. Wragg received a higher paying position at DTI.

47.    Again, the Senior Application Support Specialist position in the Commissioner of Elections Office became open.

48.    The position was not only posted for current Department of Elections employees; it was open to anyone who wanted to apply.

49.    Plaintiff again applied for the position. This position still represented a lateral transfer for Plaintiff.

6

50.    Plaintiff was again interviewed for the position, but he was again denied this employment opportunity.

51.    Joseph Clark ("Mr. Clark"), a Caucasian male was hired for the position of Senior Application Support Specialist for the Commissioner of Elections Office in or about November 2003.

**Plaintiff Received Lower Percentage of Midpoint Salary than Male Caucasian Co-workers**

52.    Mr. Clark, a Department of Elections employee, was hired at 105% of his midpoint.

53.    Shortly after Mr. Clark's hiring, Plaintiff was required to train Mr. Clark in the job responsibilities and duties of a Senior Application Support Specialist.

54.    Plaintiff and Mr. Anderson, another similarly situated African-American male employee of the Department of Elections, only received 85% and 80% of their midpoint respectively.

55.    Mr. Anderson, who was second only to Plaintiff in years of service to the Department of Elections, discovered that he was the lowest paid Senior Application Support Specialist in the State and the three Counties.

56.    Plaintiff and Mr. Anderson discovered that they and their Caucasian female co-worker were in fact paid at lower percentage of midpoint than their Caucasian male co-workers.

57.    At this time, four Senior Application Support Specialists were employed with the Department of Elections.

58.    Mr. Clark the Senior Application Support Specialist of the Commissioner of Elections Office received 105% of midpoint and Wayne Osborne ("Mr. Osborne") the Senior

Application Support Specialist of Sussex County Department of Elections received 100% of midpoint. These two gentlemen are Caucasian males.

59.    Plaintiff, the Senior Application Support Specialist of the Kent County Department of Elections, received 85% of midpoint and Mr. Anderson the Senior Application Support Specialist of New Castle County and Ms. Wragg the former Senior Application Support Specialist for the Commissioner of Elections Office received 80% of their midpoints.

### Plaintiff Filed Charge of Discrimination with the EEOC

60.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in or about the winter of 2003-2004 (Attached hereto as Exhibit 1).

61.    Plaintiff claimed that Defendant was discriminatory in its hiring practices. He specifically alleged that Defendant discriminated against African-Americans during the hiring process, that Defendant not only favored Caucasians in its hiring practices but that Defendant also assigned Caucasian employees higher rates of pay than its similarly situated African-American employees.

62.    Immediately after he filed charges of discrimination with the EEOC, Plaintiff wrote a letter to his supervisor, Ms. Wright, indicating that he had filed charges of discrimination with the EEOC because of the unfair employment practices of the Defendant.

63.    The Personnel Office of the Defendant contacted Plaintiff and informed him that a mistake had been made in the processing of his documents during his employment reclassification.

64.    Defendant retroactively increased Plaintiff's salary to 100% of midpoint.

65.    Defendant offered Plaintiff 105% of midpoint if he were to drop his complaint against Mr. Calio.

66.    Plaintiff accepted this offer, but requested that the two charges he filed with the EEOC be handled separately and that they both get a chance to be heard on their merits.

67.    Plaintiff wanted Defendant to address both of his allegations.    In particular, Plaintiff wanted the charge of discrimination to be considered separately from the charge of unfair hiring practices.

68.    Plaintiff was willing to accept an increased percentage of midpoint as a remedy for Defendant's unfair hiring practices, but he wanted the charge of discrimination to be heard on its own merits.

69.    Plaintiff was told that he would be receiving 105% of midpoint, however, Ms. Wright contacted Plaintiff through defense counsel to inform him that the Kent County Department of Elections as a representative of Defendant State of Delaware Department of Elections would not be honoring the promise made to Plaintiff that his pay would be increased to 105% of midpoint.

70.    Plaintiff dropped his initial EEOC charges based on promises made by Defendant that assured him his pay rate would be adjusted to 105% of midpoint.

71.    Defendant's discriminatory hiring practices continued between the time period that elapsed between Plaintiff filing his initial charge of discrimination in or about January 23, 2004

72.    Plaintiff again filed a charge of discrimination with the EEOC on or about February 7. 2007.  He included a charge of retaliation in this charge (Attached hereto as Exhibit 2).

9

73.    Plaintiff's initial complaint of racial discrimination was never properly addressed by Defendant after he filed his first charge of discrimination with the EEOC.  Although Plaintiff was told he would be paid at 105% of midpoint, he only received 100% of midpoint.

74.    Defendant paid Plaintiff at 100% of midpoint after he filed his initial charge with the EEOC, but at that time, Defendant also increased the percent of midpoint for all of Plaintiff's co-workers to 100%.

75.    Plaintiff received a Right to Sue from the EEOC on or about February 22, 2008. (Attached hereto as Exhibit 3).

**Plaintiff Required to Service Cartridges on Election Night Without Payment**

76.    In 2003 in preparation for the Presidential Primary season, Ms. Wright required Plaintiff to volunteer to read the cartridges on Election Night.

77.    Reading the cartridges on Election Night traditionally requires a Commissioner of Elections Office employee to accept, log, read and store the cartridges used on Election Day.

78.    Plaintiff objected to this requirement.  He explained to Ms. Wright that this task was the responsibility of the Commissioner of Elections.

79.    Plaintiff had been providing this type of cartridge reading service for the Kent County Department of Elections since 1994.

80.    The Department of Elections divides the State into eight (8) zones for the purposes of conducting a successful election.

81.    New Castle County is divided into six (6) zones and both Kent and Sussex Counties each have one (1) zone each.

82.    Seven (7) of these eight (8) zones had employees allocated from the Commission of Elections Office to oversee the completion of Election Day tasks such as cartridge installation and cartridge reading.

83.    Kent County was the only zone that had zero (0) employees relegated for Election Day tasks.

84.    Ms. Wright instructed Plaintiff to conduct the cartridge readings.

85.    Plaintiff asked Ms. Wright why she would not submit a request to the Commissioner of Elections Office for one of their employees to provide cartridge service to the only zone in Kent County.

86.    She told Plaintiff that she did not want someone from the Commissioner's Office in her county.

87.    Plaintiff requested information about the amounts the Commissioner of Elections Office, paid zone employees assigned to service the cartridges for their work on Election Night.

88.    Plaintiff provided Ms. Wright with this information and requested that she alter or call off his assignment to read the cartridges on Election Night.

89.    Plaintiff told Ms. Wright that he would read the cartridges this election cycle but that he would not do the readings in the future.

90.    No other Senior Application Support Specialist was required to read cartridges on election night. Other Senior Application Support Specialists were not involved in the zones and other Election Day tasks unless their assistance was needed to handle an unexpected problem that arose.

91.    Plaintiff continued his preparations for the 2004 Primary Election. This including building ballots and cartridges. However, in February 2004 he refused to test the cartridges.

92.     Ms. Wright told Plaintiff that he had to run the test for the primary.  Plaintiff complied.

93.     Doris Young ("Ms. Young"), the female Caucasian Office Manager for the Kent County Department of Elections, was then asked to do the reading.

94.     Ms. Wright requested that Wayne Osborne ("Mr. Osborne") of the Sussex County Department of Elections assist Ms. Young in completing the test.

95.     Ms. Young attended the same training sessions that Plaintiff attended, but Plaintiff was required to perform the tests without any assistance and without any compensation.

96.     Ms. Young received help from not only Mr. Osborne but also from Mr. Calio, the Commissioner of Elections.

97.     Mr. Calio verbally offered to pay Ms. Young to read the cartridges on Election Night.

98.     Plaintiff was instructed to perform the task of reading cartridges on election night. He was also instructed that the time spent reading cartridges would not be compensated monetarily.

**Plaintiff's Status as Security Officer Revoked**

99.     In or about August 2004, Plaintiff went on leave that lasted one (1) week.  Upon his return a co-worker requested his assistance with a log-on problem.

100.    Plaintiff, acting as a Security Officer, one of the functions of his position as Senior Application Support Specialist, was unable to provide the necessary assistance because he could not gain access to the programs capable of fixing log-on issues.

101.    Plaintiff contacted the help desk and found out that he no longer had clearance to perform the Security Officer duties of his job, including the re-setting of passwords.

12

102. In his absence, Ms. Young was made the Security Officer and Ms. Wright was made her back up.

103. Ms. Wright authorized Ms. Young to acquire the job responsibilities of Security Officer as well as the decision to remove this responsibility from Plaintiff.

104. Plaintiff questioned Ms. Wright about why the duties of Security Officer had been removed from his job description.

105. Ms. Wright told Plaintiff that she removed him from the Security Officer position because she wanted to know what was going on.

106. Although Plaintiff no longer had clearance to act as the Security Officer, he was still required to provide the services of a Security Officer in cases of password or log-on problems.

107. Ms. Wright required Plaintiff to continue providing assistance to network users when issues concerning passwords would arise. If Ms. Young was absent from work, Ms. Wright would require Plaintiff to come into her office and perform the tasks of Security Officer even though he was not cleared to do so.

## Plaintiff Instructed Not to Work on Election Day

108. Ms. Wright told Plaintiff not to come to work on Election Day.

109. Plaintiff never received an explanation as to why he was stripped of the Security Officer duties or why he was told not to come to work on Election Day.

110. Plaintiff's absence from work meant that Kent County would go through Election Day without a technician on duty.

111. On Election Day 2004, Ms. Wright hired Gary Brosier ("Mr. Brosier") from Danahar Controls to assist Ms. Young with reading the cartridges.

112.    Plaintiff, in his role as Senior Application Support Specialist, has been required to perform cartridge readings since 1994 without assistance or pay.

113.    Ms. Young attended the same training program that Plaintiff attended, but was allowed to receive help with reading the cartridges from outside sources on Election Day, an option Plaintiff was never allowed to request.

### Plaintiff's Birthday Not Celebrated by the Office

114.    Since joining the Kent County Department of Elections in 1996 Ms. Wright encouraged her employees to celebrate each other's birthdays.

115.    Typical birthday celebrations in the Kent County Department of Elections office consisted of lunch, cake and the singing of the "Happy Birthday" song.

116.    Ms. Wright not only authorized the celebrations of the Kent County Department of Elections employees but she also personally oversaw the organization of the birthday celebrations.

117.    In August 2004, she even went so far as to celebrate the birthday of a temporary worker, a Caucasian female, who had only been working in the Kent County Department of Elections for about two (2) weeks.

118.    In September 2004, Ms. Wright did not authorize the office to celebrate Plaintiff's birthday.

119.    Plaintiff's birthday in 2004 went un-celebrated and un-acknowledged per Ms. Wright's directions.

120.    Ms. Wright used her discretion to authorize birthday celebrations in the office to target Plaintiff, the only African-American employee of the Kent County Department of Elections.

121.    Gary Hilderbrand ("Mr. Hilderbrand"), a Caucasian male and Machine Mechanic for the Kent County Department of Elections, made the decision to stop celebrating his co-workers' birthdays altogether in protest against what he perceived to be unfair treatment of Plaintiff by Ms. Wright.

122.    Shortly after his un-celebrated and un-acknowledged birthday, Plaintiff asked Jean Sellers ("Ms. Sellers") a co-worker, about the lack of celebration on his birthday.

123.    Ms. Wright became aware of Plaintiff's inquiries and requested that he come to her office for a meeting.

124.    Upon arriving at Ms. Wright's office Plaintiff faced an interrogation by Ms. Wright about the reason behind him questioning his co-workers about his un-celebrated and un-acknowledged birthday.

125.    Plaintiff responded to Ms. Wright's interrogation by stating that he could speak to whoever he wanted to and that he would no longer allow her to dictate who he could and could not talk to.

126.    Ms. Wright had previously instructed Plaintiff not to speak to either Mr. Anderson or to Ms. Wragg.  She informed Plaintiff that they would get him in trouble.

## COUNT I
### (Title VII, Racial Discrimination)

127.    Plaintiff repeats and alleges the allegations contained in Paragraphs 1 through 126 of this Complaint by reference as fully set forth at length herein.

128.    The practices of Defendant as complained of above, have the effect of depriving Plaintiff of equal employment opportunities and otherwise affect/affected his employment because of his race.

15

129.    The practices employed by Defendant were intentional and were done with malice and/or reckless indifferences to the federally protected rights of Plaintiff.

130.    The practices of Defendant as set forth above have caused Plaintiff to experience conscious pain and suffering and other emotional harm.

131.    The practices of Defendant as complained of above, are imputable to Defendant DRBA in violation of 42 U.S.C. § 2002(e) – (a) and 3(a).

132.    As a direct and proximate result of said acts of Defendant, Plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits and has suffered and continues to suffer, distress, humiliation, great expense, embarrassment and damages to his reputation.

133.    Defendant's discrimination was willful, wanton and malicious.    As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

**COUNT III**
**(42 U.S.C. § 1981)**

134.    Plaintiff repeats and alleges the allegations contained in Paragraphs 1 through 132 of this Complaint by reference as fully set forth a length herein.

135.    Defendant has intentionally discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981 by denying him equal terms and conditions of employment and refusing to promote Plaintiff.

136.    As a direct and proximate result of said acts, Plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment and damages to his reputation.

## COUNT IV
### (Retaliation)

137.   Plaintiff repeats and alleges the allegations contained in Paragraphs 1 through 135 of this Complaint by reference as fully set forth at length herein.

138.   Defendants intentionally and maliciously discriminated against Plaintiff in retaliation for his complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(2)(a) when Defendants:

    a.   denied Plaintiff opportunities for promotions despite his qualifications;

    b.   forced Plaintiff to carry out job duties not consistent with his position as Senior Application Support Specialist;

    c.   forced Plaintiff to work in a hostile, racially charged environment; and

    d.   failed to adequately address Plaintiff's complaints regarding actions taken against him by other Department of Elections employees.

139.   Defendants acted with discriminatory motive and the reasons provided by Defendants for their actions are pretextual.

140.   As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered and continues to suffer a loss of considerable pay: past present, future and prospective, and has suffered and continues to suffer humiliation, mental anguish and emotional pain.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    (a)   Issue a judgment against Defendant, State of Delaware, Department of Elections, and in his favor to provide appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

(b)     Issue a judgment against the Defendant, State of Delaware Department of Elections, and in his favor ordering Defendant to provide compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

(c)     Issue a judgment against Defendant, State of Delaware Department of Elections, and in his favor ordering Defendant to provide compensation for past and future pecuniary losses, in amounts to be determined at trial;

(d)     Issue a judgment against Defendant, State of Delaware Department of Elections, and in his favor ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial;

(e)     Issue a judgment against Defendant, State of Delaware Department of Elections, and in his favor ordering Defendant to pay the costs of reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 2000e-5(f)(1) and (3); and

(f)     Issue a judgment against Defendant, State of Delaware Department of Elections, and in his favor for damages suffered by Plaintiff as a result of Defendant's actions, including, but not limited to, back pay, front pay, benefits (both retroactively and prospectively), advancement in rank to Sergeant, compensatory damages, punitive damages, attorneys' fees, the cost of this litigation, pre- and post-judgment interest and such other further relief as this Honorable Court deems just and proper.

MARTIN & WILSON, P.A.


JEFFREY K. MARTIN, ESQUIRE
TIMOTHY J. WILSON, ESQUIRE
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys of Plaintiff*

DATED:     May 21, 2008

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 170-2004-00995 |

| Delaware Department Of Labor | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.)   Randolph Goodlett | Home Phone No. (Incl Area Code)   (302) 674-2821 | Date of Birth   09-04-1949 |
|---|---|---|

| Street Address   City, State and ZIP Code |
|---|
| 1427 Woodmill Drive,  Dover, DE 19904 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name   STATE OF DELAWARE | No. Employees, Members   500 or More | Phone No. (Include Area Code)   (302) 739-4195 |
|---|---|---|
| Street Address   City, State and ZIP Code   Del Dept Of Elections,  401 federal Street, Suite 5,  Dover, DE 19901 | | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address   City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest   11-24-2003   Latest   01-23-2004   ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been subjected to unlawful discrimination in violation of the Civil Rights Act of 1964.

I am a Black male employed with Respondent as a Senior Applications Support Specialist. My date of hire with the State of Delaware is October 1988. I was hired by the Dept. of Elections as a Mini Micro Computer Specialist and selected as an Applications Support Specialist III on or about 1991. Based upon a letter written to State Personnel concerning a critical re-classification, I was upgraded to the Senior position on August 25, 1998.

I applied for the position of Senior Applications Support Specialist position on or about January 16, 2001. I would have transferred into the position. Respondent denied the position and promoted Lisa Wragg.

I applied for a position for Senior Applications Support Specialist on or about September 5, 2003. In the event I were hired I would be again be considered a lateral transfer. My ranking on the certification was in the top five. Respondent notified me by letter dated November 19, 2003 that I would not be hired.

Upon information and belief Respondent hired Joseph Clark, Sr., an individual not employed by the State. Mr. Clark was not ranked in the top five of the cert. Respondent hired Clark at 105% of mid-point

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.   SIGNATURE OF COMPLAINANT |
| Jan 23, 2004   Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 170-2004-00995 |

**Delaware Department Of Labor** _____ and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(Continued from previous page):*

which to my knowledge is unprecedented in the history of the Department. Upon information and belief Mr. Clark's experience does not justify the salary he received.

The following FOIA information is salaries of comparative Senior Applications Support Specialists, their dates of hire and race and gender:

| Randy Goodlett, | 7/1/2000 | Black Male |
|---|---|---|
| Wayne Osborn, | 7/1/2002 | White Male |
| Joseph Clark, Sr | 11/24/03 | White Male |
| Stanley Anderson | 01/02/01 | Black Male (upgrade) |
| Lisa Wragg | 2/16/01 | White Female |

I allege that Respondent has discriminated in hiring, wages and terms and conditions of employment of myself, a Black co-worker and a White female. In addition, Respondent favors Whites in their hiring. Specifically, the Dept. of Elections hires Blacks into entry level positions and upgrade them while using State of Delaware Merit Rule 5.0710 is to hire White males at a higher rate of pay. The most recent occurrence was November 24, 2003.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Jan 23, 2004 _____  Date      Charging Party Signature | |

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### DISMISSAL AND NOTICE OF RIGHTS

---

| | |
|---|---|
| To: Randolph Goodlett<br>1427 Woodmill Drive<br>Dover, DE 19904 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>The Bourse<br>21 S. Fifth Street, Suite 400<br>Philadelphia, PA  19106-2515 |

[  ]  *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

---

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-00995 | Legal Unit | (215) 440-2828 |

---

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[   ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[   ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[   ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[   ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[   ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available
       for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[   ]  While reasonable efforts were made to locate you, we were not able to do so.

[   ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude
       that the information obtained establishes violations of the statutes. This does not certify that the respondent is in
       compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised
       by this charge.

[   ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[   ]  Other *(briefly state)*

---

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of
your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state
court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be
lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA under-
payment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature: Marie M. Tomasso]*                    *[signature: September 29, 2006]*

Enclosure(s)                         Marie M. Tomasso, District Director          *(Date Mailed)*

cc:    State of Delaware
       A. Ann Woolfolk, Deputy Attorney General (For Respondent)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT 2

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA | 07020078M |
| X EEOC | 17C-2007-00512 |

**Delaware Department of Labor** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. G. Randolph Goodlett | (302) 674-2821 | 09-04-1949 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1427 Woodmill Drive, Dover, DE 19904 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **STATE OF DELAWARE** | **500 or More** | **(302) 223-1000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Department Of Elections, 820 N. French Street, 10th Fl, Wilmington, DE 19801** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| X RACE | COLOR | SEX | RELIGION | NATIONAL ORIGIN |
|---|---|---|---|---|
| X RETALIATION | AGE | DISABILITY | OTHER (Specify below.) | |

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-03-2003 | 02-07-2007 |

X CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Jurisdiction: Charging Party is presently employed at Respondent's Dover, DE location where the alleged employment discrimination is ongoing. Respondent employs over 500 employees

Charging Party's Protected Class: Race (Black), Retaliation.

Adverse Employment Action: Assignment, Wages, Harassment (Hostile Work Environment), Terms and Conditions.

Brief Statement of Allegations: Charging Party and other Black employees are systematically paid less than similarly situated White employees, due to their race. Respondent's supervisor Joyce I. Wright has subjected Charging Party to a hostile work environment by directing a pattern of intimidation and derogatory comments towards Charging Party in retaliation for Charging Party filing a charge of Employment Discrimination with the EEOC. Respondent has stripped Charging Party's title of Information Security Officer and denied access to Respondent's computer main frame in retaliation for filing a charge of Employment Discrimination with the EEOC.

Respondent Explanation: None Given.

Applicable Law(s): Title VII of the Civil Rights Act of 1964, as amended; the State of Delaware's Discrimination in Employment Act, as amended.

Comparator(s) or other specific reasons for alleging discrimination: Stan Anderson (Black) was also initially denied equal pay to similarly situated White coworkers. Respondent has further shown hostile and retaliatory motivation against Charging Party by purposely not acknowledging Charging Party's birthday, while acknowledging other coworkers birth day with an intra-office celebration.

Additional Information and Verification of these facts are provided by the attached Verification.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Feb 07, 2007 | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

# EXHIBIT 3

EEOC Form 181 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: G. Randolph Goodlett<br>1427 Woodmill Drive<br>Dover, DE 19904 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2007-00512 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [ ] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [X] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso,
District Director

February 20, 2008

*(Date Mailed)*

Enclosure(s)

cc:  Jerry M. Cutler
Manager of Labro Relations
OFFICE OF MGT AND BUDGET
Carvel State Bldg., 10th Floor
820 North French Street
Wilmington, DE 19801

℗JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| G. RANDOLPH GOODLETT | STATE OF DELAWARE, DEPARTMENT OF ELECTIONS |

(b) County of Residence of First Listed Plaintiff **KENT COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **KENT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARTIN AND WILSON, P.A.   JEFFREY K. MARTIN, ESQUIRE
1508 PENNSYLVANIA AVE
WILMINGTON, DE 19806   (302) 777-4681

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

Other statutes column continued:
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000(e)

Brief description of cause: Racial discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  May 21, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____