## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RANDOLPH GOODLETT,     )
           )
     Plaintiff,     )
    v.         )    C. A. No. 08-CV-298 SLR
           )
           )
STATE OF DELAWARE, DEPARTMENT )
OF ELECTIONS,       )
           )
     Defendant.    )

## <u>MOTION TO DISMISS</u>

Defendant Department of Elections moves to dismiss Plaintiff's complaint pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and Fed. R.

Civ. P. 12(b)(5) for insufficiency of service of process. Defendant is simultaneously filing an

Opening Brief in support of this Motion.

           s/ A. Ann Woolfolk
           A. Ann Woolfolk, Esquire, I.D. No 2642
           Deputy Attorney General
           Carvel State Office Building
           820 N. French Street, 6th floor
           Wilmington, DE 19801
           (302) 577-8400
           Attorney for Defendants

DATED: June 11, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RANDOLPH GOODLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No. 08-CV-298 SLR |
| | ) | |
| | ) | |
| STATE OF DELAWARE, DEPARTMENT | ) | |
| OF ELECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

IT IS HEREBY ORDERED this _____ day of _____, 2008, the Department

of Elections' Motion to Dismiss is hereby GRANTED.

_____
Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RANDOLPH GOODLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No.  08-CV-298 SLR |
| | ) | |
| | ) | |
| STATE OF DELAWARE, DEPARTMENT | ) | |
| OF ELECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## THE DEPARTMENT OF ELECTIONS' OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

s/ A. Ann Woolfolk
A. Ann Woolfolk, Esquire, I.D. No 2642
Deputy Attorney General
Carvel State Office Building
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: June 11, 2008

## **TABLE OF CONTENTS**

<u>PAGE</u>

TABLE OF CITATIONS ............................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................1

SUMMARY OF THE ARGUMENT .......................................................................2

STATEMENT OF FACTS .......................................................................................3

ARGUMENT

    I.    MR. GOODLETT'S CLAIMS ARE TIME BARRED UNDER TITLE VII BECAUSE HE ALLEGES AS VIOLATIONS ONLY CONDUCT THAT OCCURRED MORE THAN 300 DAYS BEFORE HE FILED A COMPLAINT WITH THE EEOC OR FILED THIS LAWSUIT......................................7

    II.   THE TITLE VII CLAIMS CONTAINED IN THE 2003 EEOC CHARGE ARE NOT REVIVED BY THEIR INCLUSION IN THE 2007 EEOC CHARGE AND ARE TIME BARRED....................................................................................13

    III.  MR. GOODLETT HAS NO COGNIZABLE CLAIM UNDER 42 U.S.C. §1981 BECAUSE IT IS BARRED BY THE 11TH AMENDMENT AND BECAUSE HE FAILED TO ASSERT A CLAIM UNDER 42 U.S.C. §1983, WHICH WOULD NOW BE BARRED BY THE STATUTE OF LIMITATIONS.......................15

    IV.  MR GOODLETT FILED A CHARGE AGAINST AND SUED THE WRONG PARTY ON THE TRANSFER DECISIONS.............................................18

    V.   MR GOODLETT NAMED AND SERVED AS A PARTY THE WRONG STATE AGENCY AND SO HIS COMPLAINT SHOULD BE DISMISSED FOR INSUFFCIENCY OF PROCESS PURSUANT TO FED. R. CIV. P. 12(B)(5).....19

CONCLUSION.......................................................................................................20

i

# **TABLE OF CITATIONS**

PAGE

Cases

*Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955 (2007) ………………………………………...7

*Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971 (5th Cir.1983) …………11

*Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184 (10th Cir. 2006) …..14

*Burlington Northern & Santa Fe Railway co. v. White*, 548 U.S. 53 (2006) ………………….…..10

*Cimino v. Delaware Dep't of Labor*, 2002 WL 265095 (D.Del.) …………………………………15

*Collins v. Sload*, 212 Fed. Appx. 136 (3rd Cir.2007) …………………………………………15

*Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir. 1995) …………………………………………16

*Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996)..16

*Flax v. Delaware Div. of Family Services*, 2008 WL 1758857 (D.Del.) ………………………..15

*Icleanu v. American Baptist Churches USA*, 2007 WL 2461822 (E.D. Pa.) ……………………10

*Jacobs v. City of Philadelphia*, 2004 WL 241507 (E.D.Pa.) …………………………………17

*Jett v. Dallas Independent School District*, 491 U.S. 701 (1989) …………………………………16

*Jewett v. International Tel. and Tel. Corp.* 653 F.2d 89 (3rd Cir. 1981) …………………………11

*Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520 (S.D. Fla. 1995), *aff'd* 114 F.3d 1089 (11th

Cir. 1997) …………………………………………………………………………………...16

*Johnson v. Cullen*, 925 F.Supp. 244 (D.Del.1996) ………………………………………..…17

*Ledbetter v. Goodyear*, 127 S.Ct. 2162 (2007) …………………………………………....7, 8, 9

*McGill v. Williams*, 2008 WL 495517 (D.Del) ………………………………………………17

*Miles v. City of Philadelphia*, 1999 WL 274979 (E.D.Pa.) …………………………………16, 17

*Milton v. USX Corp.,* 2000 WL 33217339 (D.Minn.) ...........................................14

*National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002) ................7, 8, 10

*Oaks v. City of Philadelphia,* 59 Fed.Appx. 502 (3rd Cir. 2003) ...............................16

*Parker v. Gadow,* 893 A.2d 964 (Del. 2006) ....................................................17

*Phillips v. County of Allegheny,* 515 F.3d 224 (3rd Cir. 2008) ..................................7

*Quern v. Jordan,* 440 U.S. 332 (1979) ..........................................................15

*Soso Liang Lo v. Pan Am. World Airways, Inc.,* 787 F.2d 827 (2nd Cir.1986) *(per curium)* ......14

*Spears v. Missouri Dept. of Corrections,* 210 F.3d 850 (8th Cir.2000) .......................13, 14

*United Airlines, Inc. v. Evans,* 431 U.S. 553 (1977) ...........................................11

*Valentin v. Philadelphia Gas Works,* 2004 WL 690805, (E.D.Pa) .................................16

*Waltman v. International Paper Co.,* 875 F.2d 468 (5th Cir.1989) ...............................11

*West v. Philadelphia Elec. Co.,* 45 F.3d 744 (3rd Cir. 1995) ...............................11, 12

*Will v. Michigan Dep't. of State Police,* 491 U.S. 58 (1989) ..................................15

*Williams v. Little Rock Mun. Water Works,* 21 F.3d 218 (8th Cir.1994) .........................14

Statutes

42 U.S.C. §1981 .........................................................................15, 16, 17

42 U.S.C. §1983 .........................................................................15, 16, 17

42 U.S.C. § 2000e-2 .............................................................................8

42 U.S.C. § 2000e-5 .................................................................3, 7, 13, 14

10 *Del. C.* §3103 .............................................................................19

10 *Del. C.* § 8119 ...........................................................................17

15 *Del. C.* §201 ..............................................................................3

iii

15 *Del. C.* §211 …………………………………………………………………………....3

15 *Del. C.* §213 …………………………………………………………………………....3

15 *Del. C.* Ch. 3 ……………………………………………………………………………4

Other

Fed. R. Civ. P. 4 ……………………………………………………………………….....19

Fed. R. Civ. P. 12(b)(5) …………………………………………………………………19

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………….....7

## NATURE AND STAGE OF THE PROCEEDINGS

On May 21, Randolph Goodlett filed this lawsuit.  This is the Department of Elections'

Opening Brief, which is being concurrently being filed with a Motion to Dismiss the complaint.

## SUMMARY OF THE ARGUMENT

I.    Plaintiff Goodlett's claims are barred under the 300 day EEOC statute of limitations because all of the alleged discriminatory acts are discrete, freestanding acts that occurred more than 300 days before the EEOC charge as filed.

II.    The Title VII charges relating to pay setting and personnel transfers, which were filed in 2001, were not revived when they were refiled in 2003 and so are time barred.

III.    Plaintiff Goodlett has no cognizable claim under 42 U.S.C. §1981 both because the claim is barred under the doctrine of Eleventh Amendment Immunity and because Plaintiff Goodlett failed to assert a claim under 42 U.S.C. §1983, which the required remedial statute for Section 1981 violations.  Moreover, Plaintiff Goodlett's omission is fatal since any claims under 42 U.S.C. §1983 are time barred.

IV.    Plaintiff Goodlett filed a charge and subsequently this lawsuit against a state agency that was not involved in the personnel transfer decisions at issue.  Therefore, he charged and sued the wrong party on these claims and the claims should be dismissed.

V.    Plaintiff Goodlett failed to properly serve the named defendant Department of Elections when he instructed that service be made upon the Commissioner of Election, which was not named as a party to the lawsuit.  Therefore, the complaint should be dismissed for insufficiency of service.

## STATEMENT OF FACTS

On February 7, 2007, Plaintiff Randolph Goodlett filed a complaint with the Delaware Department of Labor ("DDOL") alleging racial discrimination and retaliation. Complaint Exh. 2. On August 31, 2007, the DDOL issued a Final Determination and Right to Sue Letter. Copy attached hereto as Exh. 1. The DDOL determined that all of the charges were time barred under 42 U.S.C. §2000e-5(e)(1) because they occurred more than 300 days before the complaint was filed. The times of the events alleged by Mr. Goodlett are as follows.

**1990's**

In or about 1994, Joyce Wright was named Director of the Department of Elections for Kent County. There are three independent Departments of Elections in the State of Delaware. 15 *Del. C.* §201. Each is an autonomous state agency that operates within a specific county. Each hires its own employees and operates its own budget. 15 *Del. C.* §213. The Director of each Department is appointed by and answers to the Board of Elections for his or her county. 15 *Del. C.* §211.

Shortly after her appointment, Ms. Wright asked Mr. Goodlett for a list of his job responsibilities. Compl. ¶¶10-13. On an unidentified date but apparently sometime during the 1990s, Ms. Wright required that Mr. Goodlett attend a meeting to hear complaints from Department staff about Mr. Goodlett's behavior toward other Department of Elections staff. Compl. ¶¶14-18.

**2001**

Mr. Goodlett applied for but did not get a position in a different election agency. Compl. ¶ ¶21-25. That state agency was the Commissioner of Elections. *Id.* The Commissioner of

3

Election is a state agency created pursuant to 15 *Del. C.* Ch 3. The Commissioner is appointed by the Governor. The Commissioner's office has statutory authority that is different from and does not overlap with the statutory authority of the Departments of Election. The Commissioner does not oversee or supervise the Departments of Election.

When Mr. Goodlett was not offered the position in the Commissioner's office for which he had applied, he filed a grievance against the Commissioner. He later dropped that grievance. Compl. ¶32-45.

**2003**

Mr. Goodlett applied for the same position in the Commissioner's office as he had applied for in 2001 but again did not get the position. Compl. ¶¶46-51. The applicant selected for that position received more pay than Mr. Goodlett. Compl. ¶¶52-54.

In 2003, Joyce Wright instructed Mr. Goodlett to read the cartridges installed in the voting machines after the polls closed in the 2004 presidential primary. Compl. ¶¶76-76, 84. Mr. Goodlett agreed to read the cartridges in the 2004 election cycle but announced that he would not read cartridges in future election cycles, although he had been reading the cartridges since 1994 without any assistance from contractors hired by the Commissioner Of Elections. Compl. ¶¶77,79, 89.

**2004**

Joyce Wright instructed Mr. Goodlett to test the cartridges installed in the voting machines to be used in the 2004 presidential primary. Compl. ¶¶92. She assigned another Department of Elections staff person to read and test the cartridges in the 2004 election as well. Compl. ¶¶93-96.

4

Mr. Goodlett complains that he was instructed that he would not be paid monetarily for reading the cartridges after the voting pools closed on the 2004 election day. Compl. ¶98. He does not state whether, in fact, he was paid monetarily for the hours worked in the evening after the 2004 election.

During 2004, Joyce Wright removed Mr. Goodlett's designation as security officer and directed him not to work on election day. Compl. ¶¶101-105, 108. She directed other staff and hired a second person to perform election day duties in Mr. Goodlett's stead. Compl. ¶¶111-113.

Joyce Wright did not give Mr. Goodlett an office birthday party in 2004. Compl. ¶¶118-119. In 2004, she met with him on the birthday party issue. Compl. ¶¶123-124. Mr. Goodlett does not allege whether he received a birthday meal, at Joyce Wright's personal expense, in 2005 through the present.

**2005 to the present**

The complaint contains absolutely no allegations concerning conduct that occurred from 2005 to the present. Mr. Goodlett does not claim to have performed work during the 2006 election period without monetary compensation. He does not claim to have suffered new pay discrimination issues.[1]   He does not claim to have been denied recognition of his birthday after 2004. He makes no allegation that he experienced intimidation and derogatory comments from either Joyce Wright or Department of Election staff. He does not claim to have been stripped of his title as Security Officer or denied access to the mainframe again since 2004.

On February 7, 2007 Mr. Goodlett filed a charge with the DDOL and EEOC that alleged discrimination and retaliation. Compl. Exh. 2. He checked the block on the charge form that the

---

[1]  Paragraph 71 of the Complaint relating to discriminatory hiring practices is an incomplete sentence and trails off before it sets an end date for alleged discriminatory hiring practices.

discrimination was continuing.  Mr. Goodlett charged that:

- He is paid less than other employees who are white.

- Joyce Wright subjected Mr. Goodlett to a hostile work environment by directing a pattern of intimidation and derogatory comments to retaliate against Mr. Goodlett for his having filed an EEOC charge in 2004.

- Joyce Wright removed his title of Information Security Officer and denied him access to the computer mainframe to retaliate against Mr. Goodlett for his having filed an EEOC charge in 2004.

- Joyce Wright did not give him a birthday party.

This is not Mr. Goodlett's first EEOC charge. He filed a charge with the EEOC on January 23, 2004 against the Commissioner of Elections challenging the selection for the positions in the Commissioner's office and the rate of pay for like positions throughout the election agencies. Compl. ¶60, Compl. Exh. 1. On September 29, 2006, the EEOC did not find that the Commissioner had discriminated against Mr. Goodlett and issued a Right to Sue letter on the January 23, 2004 charge, closing its case. Mr. Goodlett did not file a lawsuit.

Some of those charges reappear in Mr. Goodlett's February 2007 charge. Specifically, he raises again the very same wage disparity and discriminatory transfer actions that he charged in 2004.

6

## ARGUMENT

I.   **MR. GOODLETT'S CLAIMS ARE TIME BARRED UNDER TITLE VII BECAUSE HE ALLEGES AS VIOLATIONS ONLY CONDUCT THAT OCCURRED MORE THAN 300 DAYS BEFORE HE FILED A COMPLAINT WITH THE EEOC OR FILED THIS LAWSUIT.**

**Introduction – standard of review on Motion to Dismiss**

In ruling on a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224 (3rd Cir. 2008) (citations omitted); *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955 (2007) at 1969 n.8.  To defeat a motion to dismiss under Rule 12(b)(6), the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 127 S.Ct at 1965.  Thus, "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" each element of the cause of action.  *Id.*  That is, there must be "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* (quotations omitted).

**Title VII claims time barred**

Title VII states that plaintiffs "shall" file an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after an "alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear*, 127 S.Ct. 2162 (2007), *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 110 (2002). Mr. Goodlett alleges the occurrence of a series of discrete events from the 1990s through

7

2004. To the extent that any of these allegations were even actionable under Title VII, each of these allegations triggered the 300 day clock when the event occurred. Any alleged discrimination in connection with promotions and transfers (2001, 2003) accrued when the denial occurred. *Id.* at 114 (300 day rule applicable to any termination, failure to promote, denial of transfer, refusal). Any alleged discrimination relating to pay disparities (2003) accrued when the pay-setting decision was made. *Ledbetter v. Goodyear*, 127 S.Ct. at 2165 (*National Passenger Corp. v. Morgan* analysis applicable to pay-setting decisions). Any alleged discrimination relating to the terms and conditions of employment, including the obligations to read and test cartridges (2003 and 2004) and the designation as security officer (2004) accrued when they occurred. *National Passenger Corp. v. Morgan* at 111 (citing 42 U.S.C. §2000e-2(a)).

Mr. Goodlett alleges the occurrence of discrete events only. None of the events alleged by Mr. Goodlett occurred during 2005 or 2006. Because Mr. Goodlett did not file his complaint until February 2007, the discrimination that he alleges in his complaint – all of which occurred before April 2006[2] – was barred by the 300 day statute of limitations imposed by federal law. The state DDOL and federal EEOC used just this reasoning in dismissing Mr. Goodlett's charges. Copy of DDOL determination attached hereto as Exh. 1; Copy of EEOC adoption of DDOL determination attached to Complaint as Exh. 3. Accordingly, on its face, the complaint demonstrates that Mr. Goodlett's Title VII claims should be dismissed as time barred.

Nowhere in his complaint does Mr. Goodlett suggest that the acts complained of occurred during the 300 days prior to the filing of his discrimination complaint. The sole exception to this

---

[2] April 2006 is 300 days prior to the charge of February 2007. Therefore, claims based on any conduct prior to April 2006 are time barred.

assertion may be contained in Paragraph 71 of his complaint, which states [d]efendant's discriminatory hiring practices continued between the time period that elapsed between Plaintiff filing his initial charge of discrimination in or about January 23, 2004". While the sentence is never completed, it may be assumed that Mr. Goodlett intended to allege that the discriminatory hiring practices continued to be made within 300 days of February 7, 2007 by the tender of an insufficient paycheck. If this was what Mr. Goodlett intended to allege, any such claim has been expressly rejected by *Ledbetter v. Goodyear*, 127 S.Ct. 2162 (2007). Ruling that a pay-setting decision is a discrete act that triggers the clock for filing an EEOC charge, the Court wrote, "[p]etitioner also contends that discrimination in pay is different from other types of employment discrimination and thus should be governed by a different rule. But because a pay-setting decision is a discrete act that occurs at a particular point in time, these arguments must be rejected. We therefore affirm the judgment of the Court of Appeals." *Ledbetter* at 2165.

**Retaliation Claims Time Barred**

Mr. Goodlett makes a claim of retaliation under Title VII. A review of the complaint demonstrates that this claim suffers from the same shortcoming as the remainder of his Title VII claims – it is time barred. Paragraph 138 of the complaint lists four retaliatory alleged acts. The complaint itself alleges that each of the acts occurred prior to April 2006. The alleged acts include denied promotions in 2001 and 2003,[3] the imposition of unspecified job duties outside of his position as Senior Application Support Specialist in 2003 and 2004, and the failure to address Mr. Goodlett's unspecified complaints regarding unspecified actions taken against him by other

---

[3] Each of these unsuccessful transfers was a lateral move, not a promotion, and both predated both of Mr. Goodlett's EEOC complaints. Thus, they would not support a claim of retaliation even if they were not time-barred.

Department of Elections staff. There are no factual allegations elsewhere in the complaint to support the allegations contained in this count.

Even if any one of the claims that occurred after Goodlett filed his first EEOC complaint in January 2004 is not time-barred, they do not, *in toto*, amount to retaliation. The claims relating to the denied transfer are indisputably time barred. Remaining are the claims relating to loss of status as security officer, discussions about longstanding job assignments (reading and testing cartridges), and birthday parties. Under settled Supreme Court precedent, these claims simply do not constitute material adversity that would dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Railway co. v. White*, 548 U.S. 53, 67-70 (2006). *See Icleanu v. American Baptist Churches USA*, 2007 WL 2461822 (E.D. Pa.) at *8 ("Failing to delegate Icleanu's work to a temporary employee, and failing to celebrate her birthday are minor and trivial and would not have dissuaded a reasonable worker from making or supporting a charge of discrimination. These are not adverse actions.").

**Hostile Work Environment Claims Time Barred**

Finally, the alleged retaliation count includes forcing Mr. Goodlett to work in a hostile environment. A court ruling upon the existence of a hostile work environment may look at all conduct to determine whether there is a series of acts that collectively create one unlawful employment practice. *National Passenger Corp. v. Morgan* at 116-117. One of those acts, however, must have occurred within the 300 day filing period. Otherwise, the hostile workplace environment claim is time barred. *Id.* In this case, no act is alleged to have occurred after 2004. Since Mr. Goodlett fails to allege that any act contributing to the hostile work place claim occurred during the 300 days before he filed his charge, this claim, like the other allegations of

10

retaliation, is time barred. *Id.*

**No Continuing Action to Toll Statute of Limitations**

Finally, Mr. Goodlett checked the box on the EEOC charge form that reads "continuing action." He does not specify any continuing action, however, in his complaint, and simply checking the box on the EEOC form does not enable Mr. Goodlett to defeat a timeliness defense. The alleged acts simply do not, on their face, constitute continuing action under the continuing violation doctrine.

The continuing violations doctrine is an "equitable exception to the timely filing requirement." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3rd Cir.1995). To toll the 300 day statute of limitations, Mr. Goodlett must allege that at least one act prohibited under Title VII occurred during the 300 days preceding his EEOC charge. *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). As argued above, Mr. Goodlett did not allege any act from 2005 forward. Second, Mr. Goodlett must allege that the prohibited act is ""more than the occurrence of isolated or sporadic acts of intentional discrimination." *Jewett v. International Tel. and Tel. Corp.* 653 F.2d 89, 91 (3rd Cir. 1981). That is, the inquiry is to distinguish between isolated acts and an ongoing pattern. The Third Circuit's analysis of this inquiry is as follows:

> In making this distinction, a number of the Courts of Appeals have adopted the approach of the Fifth Circuit in *Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971, 981 (5th Cir.1983) and *Waltman v. International Paper Co.*, 875 F.2d 468, 474-75 (5th Cir.1989). We also find this approach, providing a non-exhaustive list of factors, to be helpful. Following the *Berry* court, the inquiry into the existence of a continuing violation would consider:(i) subject matter-whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence-whether the nature of the violations should trigger the employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

11

*West v. Philadelphia Elec. Co.,* 45 F.3d 744, 755 n. 9 (3rd Cir. 1995).

Application of these factors compels the conclusion that there was no continuing violation in the case at issue.

The acts alleged to be discrimination or retaliation are as follows:

1. Denied lateral transfer in 2001

2. Denied lateral transfer in 2003

3. Given job assignment to test cartridges prior to the 2004 election

4. Given job assignment to read cartridges after the 2004 election

5. Removed as security officer

6. Not given a birthday party

These alleged discriminatory or retaliatory acts are discreet, infrequent and almost uniformly unrelated. The only related acts are the two denied transfers, which were two years apart and all prior to 2004. The acts were infrequent – six over a period from the 1990s to 2004. All were either permanent with long term discriminatory effect (denied transfers) or complete when ordered. They certainly should have put Mr. Goodlett on notice that he needed to assert his rights. Therefore, to the extent that any act occurred during the filing period, the continuing violation doctrine is inapplicable. Mr. Goodlett is limited to seeking redress in this lawsuit for only discriminatory acts that occurred after April 2006. There are no such acts alleged.

For these reasons, all of the Title VII claims in this case should be dismissed as time-barred.

II.   **THE TITLE VII CLAIMS CONTAINED IN THE 2003 EEOC CHARGE ARE NOT REVIVED BY THEIR INCLUSION IN THE 2007 EEOC CHARGE AND ARE TIME BARRED.**

Mr. Goodlett filed his first EEOC complaint on January 23, 2004. In that complaint, he challenged the unsuccessful January 2001 and September 2003 applications for transfer and the pay differential when Mr. Clark was hired in 2003. These are precisely the acts that Mr. Goodlett is now challenging. The legal treatment of these twice asserted claims warrants a separate legal analysis.

The Right to Sue letter that Mr. Goodlett received on his 2004 complaint was dated September 29, 2006. Mr. Goodlett was required to file suit within 90 days of the receipt of that September 2006 letter. 42 U.S.C. § 2000e-5. He did not. Instead, Mr. Goodlett reasserted these same claims in the EEOC charge filed on February 7, 2007. This is an impermissible practice, and these charges are time barred.

While the twice filed charges issue has not apparently been decided in this circuit, it has been raised and adjudicated in other circuits. In *Spears v. Missouri Dept. of Corrections,* 210 F.3d 850 (8th Cir. 2000), a party filed a retaliation charge with the EEOC in June 1992 and filed the same charge again in January 1993. Dismissing the twice filed charges, the Eight Circuit Court of Appeals wrote:

> As an initial matter, we agree that Spears is barred from asserting as adverse employment action the retaliatory acts that she alleged in her 1992 EEOC charge. An employee who receives a right to sue letter from the EEOC has 90 days in which to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). It is undisputed that Spears did not file suit within 90 days of receiving a right to sue letter on her 1992 charge. Spears is therefore barred from asserting a claim of retaliation based upon the acts asserted in this charge.

*          *          *

13

> Furthermore, the fact that Spears's January 1993 EEOC charge and the ensuing right to sue letter reiterated these acts does not remove this bar.

*Spears* at 853.

The Second Circuit is in accord. In *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir.1986) (*per curium*), the Court ruled, "[w]e hold that whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, *because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.*" (emphasis added). *See Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1186 (10th Cir. 2006) (citing *Spears v. Missouri Dept. of Corrections*, 210 F.3d 850 (8th Cir. 2000) with approval); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (plaintiff who timely filed suit on second EEOC charge was barred from asserting claims based on events which formed basis of prior EEOC charge that was not timely sued upon); *Milton v. USX Corp.*, 2000 WL 33217339 (D.Minn.).

The twice filed charges relating to pay disparity and the selection process, which was performed by an independent state agency, should be dismissed.

14

**III.    MR. GOODLETT HAS NO COGNIZABLE CLAIM UNDER 42 U.S.C. §1981 BECAUSE IT IS BARRED BY THE 11TH AMENDMENT AND BECAUSE HE FAILED TO ASSERT A CLAIM UNDER 42 U.S.C. §1983, WHICH WOULD NOW BE BARRED BY THE STATUTE OF LIMITATIONS.**

Mr. Goodlett adds a count to his complaint asserting a violation of 42 U.S.C. §1981. This claim should be dismissed for two independent reasons. First, the claim is barred by the Eleventh Amendment to the United States Constitution. Second, Mr. Goodlett's exclusive remedy under 42 U.S.C. §1981 is through a claim under 42 U.S.C. §1983, which he did not assert. Moreover, even if Mr. Goodlett had asserted a claim under Section 1983, it would be time-barred.

**Eleventh Amendment Immunity**

The case law on Eleventh Amendment immunity and 42 U.S.C. §1981 is well-settled. The Eleventh Amendment bars suits against states and their agencies. *Flax v. Delaware Div. of Family Services*, 2008 WL 1758857 at *11 (D.Del. 2008) ("To the extent that Flax raises a 42 U.S.C. §1981 claim against the State, it is immune from suit pursuant to the Eleventh Amendment. The Supreme Court held that § 1981 did not abrogate the States' Eleventh Amendment immunity and that the Eleventh Amendment bars an action brought by an employee against the State under federal civil rights statute 42 U.S.C. §1981. *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 67 (1989); *Quern v. Jordan,* 440 U.S. 332, 345 (1979); *Collins v. Sload,* 212 Fed. Appx. 136, 141 (3d Cir.2007); *Cimino v. Delaware Dep't of Labor,* Civ. A. No. 01-458(GMS), 2002 WL 265095, at *5 (D.Del.2002).").  Mr. Goodlett's claim under 42 U.S.C. §1981 should be dismissed.

15

**Exclusivity of Remedy**

Just as the law regarding Section 1981 and Eleventh Amendment Immunity is clear, so too is the law regarding the remedy for Section 1981 claims against state actors.

Mr. Goodlett asserts a claim under 42 U.S.C. §1981 but he does not assert a claim under 42 U.S.C. §1983. This omission is fatal to Mr. Goodlett's Section 1981 claim. As a matter of law, Section 1981 operates only against private actors, not state actors. The United States Supreme Court has written, "[w]e hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Independent School District,* 491 U.S. 701, 735 (1989).

In 1991, Congress amended Section 1981 and a question arose as to whether *Jett* continues as precedent. The Ninth Circuit Court of Appeal has opined that the 1991 amendment overrules *Jett* in *Federation of African American Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir. 1996). However, the Fourth and Eleventh Circuits have held that the 1991 amendment did not change the holding in *Jett. Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir. 1995); *Johnson v. City of Fort Lauderdale,* 903 F.Supp. 1520 (S.D. Fla. 1995), *aff'd* 114 F.3d 1089 (11th Cir. 1997). While the Third Circuit has not addressed the issue explicitly, it recently reiterated the holding in *Jett* that only § 1983 provides the remedy against state actors. *Oaks v. City of Philadelphia,* 59 Fed.Appx. 502, 503 (2003). Additionally, a number of district courts in this circuit have held that the holding of *Jett* has not been overruled as the 1991 amendment to §1981 only codified the existing case law and did not intend to create a new cause of action. *Valentin v. Philadelphia Gas Works,* 2004 WL 690805, (E.D.Pa.); *Miles v. City of*

*Philadelphia*, 1999 WL 274979 (E.D.Pa.); *Jacobs v. City of Philadelphia*, 2004 WL 241507

(E.D.Pa.).

Moreover, there is case law from the Delaware Supreme Court that is expressly on point.

After an exhaustive discussion of *Jett* and the legislative history of Section 1981, the Delaware

Supreme Court in *Parker v. Gadow*, 893 A.2d 964 (Del. 2006) held as follows:

> We are persuaded by the opinions of the Courts of Appeals for the
> Fourth, Fifth and Eleventh Circuits, which concluded that the 1991
> amendment does not broaden the remedies available under §1981. Having
> no contemporaneous legislative history of Congressional intent to create an
> implied right of action against state of actors, we also conclude that the
> 1991 amendment cannot be read to expand the scope of §1981. Therefore,
> *Jett* remains the controlling precedent for purposes of deciding Parker's
> appeal.
>
> Accordingly, the only remedy available to Parker was under §1983. That
> statute provides for a two-year statute of limitations. Consequently, we hold
> that the Superior Court correctly granted the defendant's motion to dismiss
> Parker's complaint as time-barred.

*Parker v. Gadow*, 893 A.2d at 968.

**Statute of Limitations**

Even if Mr. Goodlett had asserted a claim under Section 1983, the claims under both

Sections 1981 and 1983 would be time-barred. The statute of limitations for Section 1981 claims

is the same as the statute of limitations for claims under 42 U.S.C. §1983 – two years. *McGill v.*

*Williams*, 2008 WL 495517 at *2 (D.Del). ("To the extent plaintiff alleges a §1983 claim, there

is a two year statute of limitations period for §1983 claims. *See* 10 *Del. C.* § 8119; *Johnson v.*

*Cullen*, 925 F.Supp. 244, 248 (D.Del.1996).") None of the acts that Mr. Goodlett alleges in his

complaint occurred within two years of the filing of his complaint on May 21, 2008.

For these reasons, Mr. Goodlett's claims pursuant to 42 U.S.C. §1981 should be

dismissed.

## IV.   MR GOODLETT FILED A CHARGE AGAINST AND SUED THE WRONG PARTY ON THE TRANSFER DECISIONS.

This lawsuit was filed against the "State of Delaware, Department of Elections." Some of the acts challenged as alleged discrimination were performed not by the Department of Elections but by the Commissioner of Elections. According to the complaint, Mr. Goodlett was denied lateral transfers in 2001 and 2003. Mr. Goodlett sought positions in the Commissioner of Elections office, and the Commissioner then in office selected other applicants. The Department of Elections, a state agency completely independent of the Commissioner of Elections office, was uninvolved in these personnel decisions. To the extent that Mr. Goodlett is trying to recover for alleged discrimination for these 2001 and 2003 acts, he sued the wrong state agency. Mr. Goodlett had the opportunity to sue the Commissioner of Elections and recover, if he prevailed, when the EEOC issued his Right to Sue letter on January 23, 2004. He did not avail himself of the opportunity. To the extent that he is trying to challenge these decisions now, years later, by filing another EEOC charge and a lawsuit against the Department of Elections, any claims involving the unsuccessful lateral transfers should be dismissed.

18

**V.     MR GOODLETT NAMED AND SERVED AS A PARTY THE WRONG STATE AGENCY AND SO HIS COMPLAINT SHOULD BE DISMISSED FOR INSUFFCIENCY OF PROCESS PURSUANT TO FED. R. CIV. P. 12(B)(5).**

Mr. Goodlett captioned his case "G. Randolph Goodlett v. State of Delaware, Department of Elections" and served the "State of Delaware, Department of Elections c/o Office of the Commissioner of Elections." Thus, at Mr. Goodlett's instruction, the Commissioner's office was served, but the Department of Elections was not. Moreover, the Attorney General's office was not served either. As argued above, the Commissioner's office and the Department of Elections, who is Mr. Goodlett's own employer, are statutorily distinct state agencies. Service may not be made upon the Department of Elections through service upon the Commissioner of Elections. Service may only be made upon the chief executive officer of the government organization subject to suit, or as provided by state law. Fed. R. Civ. P. 4 (j)(2). Under state law, service upon a state agency is effected by service upon the agency head and the Attorney General. 10 *Del. C.* §3103.

For this reason, this lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

19

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

RECEIVED
HUMAN RESOURCE MGT
WILMINGTON

G. Randolph Goodlett
1427 Woodmill Drive
Dover, DE 19904

Case No. 07020078M

2007 SEP -5  A 11: 23

vs.

STATE OF DELAWARE
Department Of Elections,
820 N. French Street, 10th Fl,
Wilmington, DE 19801

FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

In order to ensure administrative timeliness and quick resolutions to employment disputes, a Charging Party is required to bring a Charge within 120 days for any claim of Employment Discrimination under Delaware Employment Discrimination Law, and 300 days under U.S. Employment Discrimination Law.  If a Charge of Discrimination is not made within this time-period they are barred from process. In this matter, the adverse employment action alleged occurred in 2004. The Charging Party did not file a Charge for over two years after the last act and is therefore barred from process, concerning the acts alleged on the face of this Charge.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

8/31/2007
Date issued

For S. McK Cutter  _____, Supervisor
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

Exh 1

## CONCLUSION

WHEREFORE, the Department of Elections respectfully requests this Court dismiss the complaint.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


_s/ A. Ann Woolfolk_
A. Ann Woolfolk, Esquire, I.D. No 2642
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants


DATED: June 11, 2008

20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RANDOLPH GOODLETT,       )
                                  )
           Plaintiff,    )
        v.             )    C. A. No. 08-CV-298 SLR
                                  )
                                  )
STATE OF DELAWARE, DEPARTMENT )
OF ELECTIONS,               )
                                  )
           Defendant.    )

### CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2008, I electronically filed the attached Motion to Dismiss with the Clerk of the Court using CM/ECF.  In addition, two copies were sent via U.S. Mail to the following:

    Jeffrey Martin, Esq.
    1508 Pennsylvania Ave
    Wilmington, DE 19806

                      STATE OF DELAWARE
                      DEPARTMENT OF JUSTICE

                      _s/ A. Ann Woolfolk_
                      A. Ann Woolfolk, Esquire, I.D. No 2642
                      Deputy Attorney General
                      Carvel State Office Building
                      820 N.  French Street, 6th floor
                      Wilmington, DE 19801
                      (302) 577-8400
                      Attorney for Defendants