IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G. RANDOLPH GOODLETT | : |
| Plaintiff, | : |
| v. | : C.A. No.: 08-CV-298 SLR |
| STATE OF DELAWARE DEPARTMENT OF ELECTIONS, | : JURY TRIAL DEMANDED |
| Defendant. | : |

**ANSWERING BRIEF IN RESPONSE TO THE**
**DEPARTMENT OF ELECTIONS' MOTION TO DISMISS**

MARTIN & WILSON, P.A.

_____
JEFFREY K. MARTIN, ESQUIRE
TIMOTHY J. WILSON, ESQUIRE
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys of Plaintiff*

DATED:     June 30, 2008

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF THE ARGUMENT ...........................................................................................2

STATEMENT OF THE FACTS ..................................................................................................3

ARGUMENT .................................................................................................................................5

I.     STANDARD OF REVIEW ...............................................................................................5

II.    PLAINTIFF'S ALLEGATIONS ARE NOT TIME-BARRED .......................................5

III.   DEFENDANT'S ATTEMPT TO DISMISS THIS MATTER FOR INSUFFICIENCY OF PROCESS IS UNTIMELY .......................................................7

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

*Cases*

Amiot v. Kemper Ins. Co.,
    122 Fed. Appx. 577, 579 (3d Cir. 2004) ................................................................. 5

National Railroad Passenger Corp. v. Morgan,
    536 U.S. 101, 122 S. Ct. 2061 (2002) ................................................................... 6

O'Connor v. City of Newark,
    440 F.3d 125 (3d Cir. 2006) ................................................................................. 6

Price v. Correctional Medical Services,
    493 F. Supp.2d 740, 744 (D. Del. 2007) ............................................................... 5

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,
    140 F.3d 478, 483 (3d Cir. 1998) ......................................................................... 5

Williamson v. Correctional Medical Services,
    494 F. Supp.2d 285, 287 (D. Del. 2007) ............................................................... 5

*Rules*

Fed. R. Civ. P. 12(b)(5) ................................................................................................ 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 8

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Randolph Goodlett filed this lawsuit on May 21, 2008. Defendant Department of Elections filed a Motion to Dismiss supported by its Opening Brief on June 11, 2008. This is Plaintiff Randolph Goodlett's Answering Brief to Defendant Department of Elections' Motion to Dismiss and Opening Brief.

## SUMMARY OF THE ARGUMENT

Defendant recited Plaintiff's litany of allegations in the Complaint and argued that all pertinent events occurred before April 2006. However, there are no time references in the Complaint for Plaintiff's specific allegations that gave rise to this Complaint. As such, a Motion to Dismiss may not be granted.

## STATEMENT OF THE FACTS

Defendant Department of Elections ("Defendant") summarized Plaintiff's Complaint in four pages of its Opening Brief. In its recitation of facts, Defendant began in the 1990's and worked forward tracking the allegations in the Complaint. Defendant failed to acknowledge that the recitation of facts beginning when Plaintiff was initially hired by the Kent County Department of Elections in 1988 was for background purposes only and to explain the context in which the discriminatory and retaliatory actions of the last two to three years occurred.

The genesis of the instant lawsuit is described in some detail in the Plaintiff's Charge of Discrimination, appended to the Complaint as Exhibit 2. The Charge of Discrimination forms the basis for this litigation and this suit was filed following the issuance of the Right to Sue letter issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on February 20, 2008, appended to the Complaint as Exhibit 3. Defendant's numerous references to Plaintiff's earlier Charge of Discrimination and Right to Sue are inapposite in this litigation.

The essence of the instant litigation is found in racial discrimination and retaliation as delineated in the Charge of Discrimination. As can be seen by comparison between the 2007 Charge of Discrimination and the 2004 Charge of Discrimination (attached to the Complaint as Exhibit 1), retaliation appears only in the latter Charge of Discrimination filed on February 7, 2007.

The allegations in the February 2007 Charge of Discrimination are incorporated into the Complaint through paragraphs 72 and 73. The actionable factual allegations found in the Complaint and the Charge of Discrimination are as follows:

   1. Plaintiff and "other Black employees are systematically paid less than similarly situated White employees, due to their race.";

2. Department of Elections Supervisor Joyce I. Wright "has subjected Charging Party (Plaintiff) to a hostile work environment by directing a pattern of intimidation and derogatory comments towards Charging Party in retaliation for Charging Party for filing a Charge of Employment Discrimination with the EEOC."; and,

3. "Plaintiff's initial complaint of racial discrimination was never properly addressed by Defendant after he filed his first charge of discrimination with the EEOC. Although Plaintiff was told he would be paid at 105% of midpoint, he only received 100% of midpoint." (Complaint paragraph 73).

Defendant's numerous citations to other background factual allegations are misplaced.

The three factual statements form the entire and exclusive basis of Plaintiff's Complaint.[1]

---

[1] Plaintiff withdraws Count III of the Complaint pleading 42 U.S.C. § 1981. Note that the Counts were misnumbered and that Count III should have been numbered as Count II.

4

## ARGUMENT

### I. STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Williamson v. Correctional Medical Services, 494 F. Supp.2d 285, 287 (D. Del. 2007). The Court must assume that all factual allegations in Plaintiff's pleading are true and draw all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004).

"A complaint should be dismissed only if, after accepting as true, all of the facts alleged in the complaint and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff can not demonstrate any set of facts that would entitle him to relief. Price v. Correctional Medical Services, 493 F. Supp 2d 740, 744 (D. Del. 2007).

### II. PLAINTIFF'S ALLEGATIONS ARE NOT TIME-BARRED

The thrust of Defendant's attempt to dismiss this matter is its argument that the acts of discrimination and retaliation occurred more than 300 days prior to Plaintiff's filing of the Charge of Discrimination on February 7, 2007. Thus, Defendant argues that the events giving rise to this Complaint occurred on or before April 2006.

Defendant's arguments, however, do not stand up to scrutiny. None of the events described in the three factual bases for the Complaint set forth supra. occurred prior to April 2006. In the first instance, Plaintiff alleges that he and other Black employees are systematically paid less than similarly situated White employees. The pay disparity was the most significant

factor for Plaintiff's filing of this lawsuit. In paragraphs 73 and 74 of the Complaint, he specifically alleges the pay disparity. This pay disparity exists at the present time. Plaintiff specifically alleged, as part of paragraph 73 of the Complaint, that, "[a]lthough Plaintiff was told he would be paid at 105% of midpoint, he only received 100% of midpoint." The Complaint is silent as to the date of that decision and it would be improper to suggest to the Court in this brief the date of this statement. In line with the case law authority, it is respectfully submitted that the Court must view this in the light most favorable to Plaintiff and construe this as being timely pled.

Similarly, as to Plaintiff's second factual allegation of a hostile work environment created by Defendant's Supervisor Joyce I. Wright by "directing a pattern of intimidation and derogatory comments towards Charging Party [Plaintiff] in retaliation for Charging Party filing a Charge of Employment Discrimination with the EEOC". Again, that allegation is stated in the present perfect tense indicating that continues to occur. As such, Defendant may not dismiss this allegation.

Plaintiff's hostile work environment claim is also supported by the "continuing violation doctrine." O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006). The Third Circuit has recognized the viability of this doctrine when there are a series of actions that are "linked in a pattern of actions which continues into the applicable limitations." 440 F.3d at 127 citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002). In the National Railroad Passenger Corp. case, the U.S. Supreme Court recognized that, "[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time is permissible for purposes of asserting liability, so long as any act contributing to that hostile environment takes places within the statutory time period." Id.

6

The final factual allegation underlying this suit is that Plaintiff's "initial complaint of racial discrimination was never properly addressed by Defendant after he [Plaintiff] filed his charge of discrimination with the EEOC." Once again, there is no time reference in this allegation other than it occurred subsequent to the filing of the first Charge of Discrimination which occurred on January 23, 2004. Thus, this claim may not be deemed to be untimely.

It must be noted that in this lawsuit, Plaintiff makes his initial and only claim for retaliation. Defendant's argument that Plaintiff has merely rehashed old events can be given no credence when Defendant has failed to acknowledge retaliatory factual allegations stated in the Complaint. Defendant's arguments that allegations of retaliation found in paragraph 138 of the Complaint are time-barred are incorrect. Indeed, the retaliatory actions set forth supra. in the factual allegations that underlie this Complaint are all subsumed within the subsections of paragraph 138.

Plaintiff respectfully submits that reading all of these allegations in the light most favorable for Plaintiff, and therefore, there is no indication that these events occurred prior to April 2006, Defendant's claim of untimeliness must be denied.

## III. DEFENDANT'S ATTEMPT TO DISMISS THIS MATTER FOR INSUFFICIENCY OF PROCESS IS UNTIMELY

Defendant asks this Court to dismiss this matter for failure to properly serve the Delaware Department of Elections. This matter was filed on May 21, 2008. Under the Federal Rules, Plaintiff has 120 days to effect service on Defendant. Plaintiff will endeavor to ensure that proper service is made upon Defendant within the applicable timeframe.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that Defendant's Motion to Dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(5) be denied. The Plaintiff respectfully requests that a Rule 16 Scheduling Conference may be held in order to begin the discovery in this matter.

Respectfully submitted,

MARTIN & WILSON, P.A.

_____
JEFFREY K. MARTIN, ESQUIRE
TIMOTHY J. WILSON, ESQUIRE
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys of Plaintiff*

DATED:    June 30, 2008

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G. RANDOLPH GOODLETT<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE<br>DEPARTMENT OF ELECTIONS,<br><br>Defendant. | :<br>:<br>:<br>:<br>: C.A. No.: 08-CV-298 SLR<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2008, I electronically filed the attached Answering Brief in Response to the Department of Elections' Motion to Dismiss with the Clerk of the Court using CM/ECF. In addition, two copies were sent via U.S. Mail to the following:

A. Ann Woolfolk, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

MARTIN & WILSON, P.A.

/s/ Jeffrey K. Martin

JEFFREY K. MARTIN, ESQUIRE
TIMOTHY J. WILSON, ESQUIRE
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys of Plaintiff*