IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RANDOLPH GOODLETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C. A. No. 08-CV-298 SLR |
| ) | |
| STATE OF DELAWARE, DEPARTMENT ) OF ELECTIONS, ) | |
| ) | |
| Defendant. ) | |

### THE DEPARTMENT OF ELECTIONS' REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

s/ A. Ann Woolfolk
A. Ann Woolfolk, Esquire, I.D. No 2642
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: July 11, 2008

# **TABLE OF CONTENTS**

PAGE

TABLE OF CITATIONS ................................................................................................... ii

ARGUMENT

    I.    MR. GOODLETT'S CLAIM RELATING TO HIS RATE OF PAY IS TIME BARRED UNDER TITLE VII BECAUSE THE PAY-SETTING DECISION ALLEGED TO BE DISCRIMINATORY WAS MADE MORE THAN 300 DAYS BEFORE MR. GOODLETT FILED HIS FEBRUARY 2007 EEOC COMPLAINT ................................................................................................3

    II.    MR. GOODLETT'S CLAIM RELATING TO RETALIATION IS INSUFFICENT TO INVOKE THE COURT'S JURISDICTION ...............5

    III.    MR. GOODLETT'S CLAIM RELATING TO THE STATEMENT THAT HE WOULD BE PAID AT 105% OF MIDPOINT WAS NEVER RAISED IN HIS 2007 EEOC COMPLAINT AND SO IS BARRED BOTH BY TIME AND BY THE DOCTRINE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES ...............................................................................................7

CONCLUSION.....................................................................................................................9

## **TABLE OF CITATIONS**

**CASES**                                 **PAGE**

*Brown v. State of Delaware*, 2008 WL 2620118 (D. Del.) ……………………………….2

*Buck v. Hampton Tp. School Dist.*, 452 F.3d 256 (3rd Cir. 2006) …………………….....7

*Carpet Group v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62 (3rd Cir. 2000) ….......2

*Hayden v. County of Nassau*, 180 F.3d 42 (2nd Cir. 1999) …………………………….2

*Humes v. State of Delaware Court of Common Pleas*, 2006 WL 2726626 (D. Del.) ….1, 2

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410 (3rd Cir.1997) …..5, 7

*James v. Enterprise Association of Steamfitters*, 2007 WL 5065001 (E.D.N.Y.) ……..3, 4

*Ledbetter v. Goodyear*, 127 S. Ct. 2162 (2007) ………………………………………..3

*Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827 (2nd Cir.1986) …………………....4

*Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908) ……………………………1

*McNutt v. G.M. Acceptance Corp.*, 298 U.S. 178 (1936) ……………………………....1

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3rd Cir. 1997) …………………....5

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3rd Cir. 1977) …………....2

*Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548 (3rd Cir. 2002) ………………..7

*Red v. Potter*, 211 Fed. Appx. 82 (3rd Cir. 2006) ……………………………………..8

*Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754 (D. Del. 2008) ……………...8

**STATUTES**

42 U.S.C. § 2000e-5(f)(1 ………………………………………………………………..4

**OTHER**

5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004) …………………………………………………………………………………...7

## ARGUMENT

Mr. Goodlett's complaint provides an extensive listing of alleged discriminatory acts that are clearly time-barred. In his Answering Brief, Mr. Goodlett characterizes these acts as provided for background purposes only. He states that that the following "three factual statements form the entire and exclusive basis of [his] complaint." Answering Brief at p. 4.

1. Plaintiff and 'other Black employees are systematically paid less than similarly situated White employees, due to their race.'

2. Department of Elections supervisor Joyce I. Wright 'has subjected charging Party (Plaintiff) to a hostile work environment by directing a pattern of intimidation and derogatory comments towards charging Party in retaliation for charging Party for filing a charge of discrimination with the EEOC,' and

3. Plaintiff's initial complaint of racial discrimination was never properly addressed by Defendant after he filed his first charge of discrimination with the EEOC. Although Plaintiff was told he would be paid at 105% of midpoint, he only received 100% of midpoint.

Answering Brief at pp 3-4.

Mr. Goodlett fails to identify dates for any of these acts. In his Answering Brief, he argues that the Court must infer that the events happened after April 2006 (300 days prior to February 2007, the date when Mr. Goodlett filed his EEOC charge). He argues that the Court must overlook his failure to provide the dates needed to invoke the jurisdiction of this Court. Answering Brief at p. 6. But, "[i]t is "incumbent on the plaintiff to properly allege [federal jurisdiction]," and the court is under the duty to point out defects in jurisdiction." *Humes v. State of Delaware Court of Common Pleas*, 2006 WL 2726626 at *6 (D.Del.), citing *McNutt v. G.M. Acceptance Corp.*, 298 U.S. 178 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). Indeed, Mr.

1

Goodlett refuses to provide dates. *See* Answering Brief at p. 6 ("The Complaint is silent as to the date of that decision and it would be improper to suggest to the Court in this brief the date of this statement. In line with the case law authority, it is respectfully submitted that the Court must view this in the light most favorable to Plaintiff and construe this as being timely pled."). According to Mr. Goodlett, the Court must make the inference of timeliness, despite the investigative finding of the Delaware Department of Labor, adopted by the federal EEOC, that all of the February 2007 claims were time-barred. *See* DDOL finding attached to Opening Brief as Exh. 1 and EEOC order attached to Complaint as Exh. 3.[1] This is not an accurate statement of the law.

There is no presumptive truthfulness to Mr. Goodlett's allegations. *Carpet Group v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3rd Cir. 2000) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). Moreover, summary allegations or legal conclusions, unsupported by facts, are not sufficient to withstand a motion to dismiss. *Humes v. State of Delaware Court of Common Pleas*, 2006 WL 2726626 at *4 (D. Del. 2006). Mr. Goodlett failed to artfully draft his complaint to include the date of the occurrence of the very conduct that he states is the exclusive grounds for his suit. It is disingenuous for him to use this failure to defeat the Department's Motion to Dismiss.

Application of the preceding principles to the three factual statements that Mr. Goodlett argues are the entire and exclusive basis of his complaint demonstrates that his complaint is time-barred.

---

[1] The Court may consider these documents on a Motion to Dismiss. *Brown v. State of Delaware*, 2008 WL 2620118 (D. Del.), *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2nd Cir. 1999)

I. **MR. GOODLETT'S CLAIM RELATING TO HIS RATE OF PAY IS TIME BARRED UNDER TITLE VII BECAUSE THE PAY-SETTING DECISION ALLEGED TO BE DISCRIMINATORY WAS MADE MORE THAN 300 DAYS BEFORE MR. GOODLETT FILED HIS FEBRUARY 2007 EEOC COMPLAINT.**

The Department of Elections argued extensively in its Opening Brief that, under directly applicable United State Supreme Court precedent, a pay-setting decision is a discrete act that triggers the 300 day EEOC clock, and that argument will not be repeated here. Opening Brief at pp.8-9. *See Ledbetter v. Goodyear*, 127 S. Ct. 2162 (2007). Mr. Goodlett does not address *Ledbetter* in his Answering Brief. He argues only that the pay disparity exists at the present time. The decision, though, to allegedly pay Mr. Goodlett less than other similarly situated employees necessarily occurred prior to January 2004. The time frame of this pay-setting decision is evident from the face of the complaint and its attachments since Mr. Goodlett challenged the decision in his *January 2004* EEOC charge. Since the statute of limitations for this decision was triggered sometime prior to January 2004, it predated the April 2006 cutoff for any claim to be made in Mr. Goodlett's February 2007 EEOC charge. Mr. Goodlett makes no other factual allegation relating to other pay-setting decisions.

Mr. Goodlett candidly admits that "[t]he pay disparity was the most significant factor for Plaintiff's filing of this lawsuit." Answering Brief at pp. 5-6. He filed an EEOC charge relating to the pay disparity in January 2004, failed to file suit after receiving his Right-to-Sue letter, and then filed a second EEOC charge including the very same pay disparity claim in February 2007. The same scenario was presented to a New York federal district court in *James v. Enterprise Association of Steamfitters*, 2007 WL

3

5065001 at *5 (E.D.N.Y.). Rejecting the plaintiff's Title VII claims as untimely, the Court wrote:

> Having failed to diligently pursue the claims of sexual harassment and disability discrimination contained in his first complaint to the EEOC, James may not now circumvent Title VII's timeliness requirements by relying on the August 4, 2006 "right to sue" letter based on his third filing. "Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir.1986). Therefore, James's claims pertaining to the acts alleged in his October 2, 2003 complaint to the EEOC, including his termination from Premiere in June 2003, are time-barred.

*James v. Enterprise Association of Steamfitters*, 2007 WL 5065001 at *6 (E.D.N.Y.)

The same reasoning is directly applicable to this case. Mr. Goodlett should not be permitted to rejuvenate his time-barred pay-setting decision claim by filing a second EEOC charge that does little more than add a retaliation claim. This claim should be dismissed as time-barred.

## II. MR. GOODLETT'S CLAIM RELATING TO RETALIATION IS INSUFFICIENT TO INVOKE THE COURT'S JURISDICTION.

As argued in the Department's Opening Brief, Mr. Goodlett makes no factual allegations to support his claim of retaliation. Opening Brief at pp. 9-10. Mr. Goodlett's response is that the words contained in the February 2007 EEOC charge that read "directing a pattern of intimidation and derogatory comments towards Charging Party in retaliation for Charging Party for filing a Charge of Employment Discrimination with the EEOC" are in the present tense.[2] Therefore, he reasons, the conduct continues to occur and so is not subject to dismissal. Answering Brief at p. 6. Under Mr. Goodlett's theory, a plaintiff could draft a complaint that contained only time-barred background material and the single conclusory allegation that the defendant retaliated through intimidation and derogatory comments. According to Mr. Goodlett, there need be no articulation of what the conduct and comments were or when they occurred. According to Mr. Goodlett, such a complaint is fully actionable, despite its failure to give the defendant notice of what discriminatory conduct it is accused of performing, provided that the plaintiff uses the present tense in his conclusory allegation. This argument does not comport with the applicable law.

A court must accept all well-pled facts in a complaint as true, but it need not accept a complaint's bald assertions or legal conclusions. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429 (3rd Cir. 1997). Moreover, any inference to be drawn from well-pled facts must be reasonable. *Morse v. Lower Merion School Dist.*,

---

[2] The quoted words are technically classified as a verbal and have no tense. The operative words are contained in the verb of the sentence, which is in a perfect tense.

5

132 F.3d 902, 906 (3rd Cir. 1997). It is impossible to draw the inference that acts of retaliation were performed sometime after April 2006 when the complaint does not even contain any factual allegations of actionable retaliatory acts. Mr. Goodlett labels all factual allegations in the complaint as background. Answering Brief at p. 4. Mr. Goodlett makes a bald assertion of retaliation and then tries to use that assertion as the exclusive factual allegation to support his retaliation claim. This allegation will not survive a Motion to Dismiss.

### III. MR. GOODLETT'S CLAIM RELATING TO THE STATEMENT THAT HE WOULD BE PAID AT 105% OF MIDPOINT WAS NEVER RAISED IN HIS 2007 EEOC COMPLAINT AND SO IS BARRED BOTH BY TIME AND BY THE DOCTRINE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Mr. Goodlett fails to give a date when he was allegedly promised that he would receive 105% of midpoint. Nonetheless, the face of his complaint establishes that the alleged promise was during the pendency of his first EEOC charge in 2004. In paragraph 70, Mr. Goodlett avers that he "dropped his initial EEOC charges based on promises made by Defendant that assured him his pay rate would be adjusted to 105% of midpoint."[3] Paragraph 69 states that this alleged promise was dishonored by the Department through a contact from defense counsel to Mr. Goodlett. The only contact between defense counsel and Mr. Goodlett is believed to be a letter dated May 20, 2004, a copy of which is attached to this brief as Exh. 1. The Department asks the Court to consider the date of this letter on this Motion to Dismiss since the letter was incorporated by reference into Mr. Goodlett's complaint. *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3rd Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, [*Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548 (3rd Cir. 2002)] at 560, and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)."); *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1420, 1426 (3d Cir.1997) ("A motion to

---

[3] It is unclear how Mr. Goodlett dropped his EEOC charges and yet attached a copy of the Right-to-Sue letter to his complaint as Exh. 1.

dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.... [A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' (citations omitted).")

Assuming the identification of this contact is correct, any alleged decision to dishonor a promise to pay Mr. Goodlett 105% of midpoint was made in May 2004 – two years before the cut-off date of April 2006. This claim, based on the face of the complaint and documents incorporated by reference, is time-barred. It is barred on another ground as well.

Since Mr. Goodlett admits that this claim is contained only in Paragraph 73 of the Complaint and nowhere in the February 2007 EEOC charge (*See* Answering Brief at p. 4), it is barred under the doctrine of exhaustion of administrative remedies. *Tillman v. Pepsi Bottling Group, Inc.,* 538 F.Supp.2d 754 (D. Del. 2008); *Red v. Potter,* 211 Fed. Appx. 82 (3rd Cir. 2006).

For these reasons, this claim should be dismissed.

## CONCLUSION

WHEREFORE, the Department of Elections respectfully requests this Court dismiss the complaint.

                          STATE OF DELAWARE
                          DEPARTMENT OF JUSTICE


                          s/ A. Ann Woolfolk
                          A. Ann Woolfolk, Esquire, I.D. No 2642
                          Deputy Attorney General
                          Carvel State Office Building
                          820 N. French Street, 6th floor
                          Wilmington, DE 19801
                          (302) 577-8400
                          Attorney for Defendants

DATED: July 11, 2008



| | | |
|---|---|---|
| M. JANE BRADY<br>ATTORNEY GENERAL | **STATE OF DELAWARE**<br>DEPARTMENT OF JUSTICE | |

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**   Civil Division – New Castle County                          May 20, 2004

Mr. Randolph Goodlett
1427 Woodmill Drive
Dover, DE 19904

<u>**Re: EEOC Charge No.**</u>

Dear Mr. Goodlett:

   I am writing to you directly because I am not aware that you are represented by an attorney in your matter involving the EEOC. If you are represented, please apprise me so that I may communicate directly with that attorney.

   As Joyce Wright has already told you, the State offers to settle your pending EEOC charge by increasing your salary to 105% of the midpoint for the position of Senior Application Support Specialist, which has a pay grade of 16, effective November 24, 2003. This means that your salary will go from $52,377.00 to $54,996.00, effective November 24, 2003. The State makes this offer contingent upon your dismissing your pending EEOC charge on the terms contained in the enclosed Agreement and General Release. If you agree to this settlement, please notify me promptly and then sign the Agreement and General Release where indicated and return it to me for execution by Joyce Wright, the state employee named in your charge. If you agree to the offer prior to May 25, 2004, the need for mediation will be obviated. If you do not agree, the mediation will go forward as planned.

   I await your response. I can be reached at 577-8350 or by e-mail at ann.woolfolk@state.de.us.

                                                                              Very truly yours,

                                                                              A. Ann Woolfolk
                                                                              Deputy Attorney General

cc: Ms. Joyce Wright, Director

Exh 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RANDOLPH GOODLETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C. A. No. 08-CV-298 SLR |
| ) | |
| ) | |
| STATE OF DELAWARE, DEPARTMENT ) | |
| OF ELECTIONS, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2008, I electronically filed the attached *The Department of Elections' Reply Brief in Further Support of it's Motion to Dismiss* with the Clerk of the Court using CM/ECF. In addition, two copies were sent via U.S. Mail to the following:

Jeffrey Martin, Esq.
1508 Pennsylvania Ave
Wilmington, DE 19806

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        <u>s/ A. Ann Woolfolk</u>
        A. Ann Woolfolk, Esquire, I.D. No 2642
        Deputy Attorney General
        Carvel State Office Building
        820 N. French Street, 6th floor
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for Defendants