# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

RANDOLPH GOODLETT,

           Plaintiff,

v.                                   C.A. No. 08-298-LPS

STATE OF DELAWARE, DEPARTMENT
OF ELECTIONS,

           Defendant.

## MEMORANDUM ORDER

At Wilmington this 6th day of February, 2012:

Pending before the Court is a Motion for Attorney's Fees filed by defendant State of Delaware, Department of Elections ("Defendant") (D.I. 37) and a Motion for Jeffery K. Martin to Withdraw as Counsel for Plaintiff Randloph Goodlet ("Plaintiff") (D.I. 39). Both motions are unopposed. For the reasons stated below, the Court will grant both motions.

## I.    BACKGROUND

On May, 21, 2008, Plaintiff filed a complaint alleging racial discrimination and retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2002 *et seq.*, and 42 U.S.C. § 1981. (D.I. 1) Subsequently, on June 11, 2008, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). (D.I. 4) By decision dated March 6, 2009, the Court granted in part and denied in part Defendant's motion, dismissing all but one pay disparity claim. (D.I. 13) During mediation and after the Court's dismissal of the vast majority of claims, Defendant made settlement offers to Plaintiff, which Plaintiff rejected.

1

(D.I. 37 at ¶ 4)

Subsequently, on March 12, 2010, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (D.I. 30) On March 28, 2010, the Court entered an Order granting summary judgment for Defendant on the basis that Plaintiff had failed to make a prima facie case of racial discrimination. (D.I. 36 at ¶ 5)

## II. DISCUSSION

### A. Motion for Attorney's Fees

While it is typical for plaintiffs to file requests for attorney's fees, defendants may also request attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k), where they are the prevailing party in a Title VII action. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). The Third Circuit has stated:

> In determining if an award of counsel fees to a Title VII defendant is appropriate, courts should consider several factors including (1) whether the plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis.

*EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (internal quotation marks and citations omitted).

Here, each of these factors weighs in favor of granting Defendant's fee request. First, the Court determined that Plaintiff failed to establish a prima facie case. (D.I. 36 at ¶ 5) Second,

2

Defendant offered to settle with Plaintiff. (D.I. 37 at ¶ 4; D.I. 33) Finally, this Court dismissed the case at the case-dispositive motion phase and, therefore, did not hold a full-blown trial on the merits. (*See* D.I. 36) Accordingly, the Court will grant Defendant's Motion for Attorney's Fees.

Having determined that Defendant is entitled to a fee award, the Court will now address the proper amount of attorney's fees and costs to award Defendant. In a Title VII case, the Court calculates attorney's fees pursuant to the lodestar approach. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982); *Le v. Univ. of Pa.*, 2001 WL 849707, at *2 (E.D. Pa. July 13, 2001). The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates. *See Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). Next, the Court may adjust the lodestar based on various factors. *See City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986).[1] The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *See Blum*, 465 U.S. 886, 895 n.11 (1984); *Hensley*, 461 U.S. at 434.

After examining counsel's affidavit and request for compensation, the Court concludes

---

[1]These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986) (internal quotation marks omitted).

3

this is a reasonable request. Counsel does not request attorney's fees for all of the time she spent on this case, but only her time spent on teleconferences, a deposition, and the Motion for Attorney's Fees, plus an additional thirty hours, which she asserts "is a small fraction of the time spent on this case." (D.I. 37 at ¶ 9) This case has spanned two years, during which counsel had to spend time preparing for mediation, appearing at mediation, filing four briefs on two case-dispositive motions, and drafting discovery requests. Additionally, the Court concludes that counsel's request for reimbursement of $355.45 in costs for the deposition of Plaintiff is reasonable.

Moreover, the Court concludes that counsel's proposed hourly rate is reasonable. A reasonable hourly rate is determined by the prevailing market rates in the community. *See Blum*, 465 U.S. at 895. A prevailing market rate is the rate "in line with those [rates] prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989). Defense counsel, Deputy Attorney General A. Ann Woolfolk, proposes a rate of $200 per hour. (D.I. 37 at ¶ 12) This rate is lower than rates courts have upheld as reasonable for Delaware attorneys with experience in the employment field. *See Mattern & Assocs, L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 273-74 (D. Del. 2010) (reasonable rates for employment lawyer capped at $290 per hour); *Laymon v. Lobby House, Inc.*, 2009 WL 1259059, at *1, *4 (D. Del. May 6, 2009) (finding $300 to be appropriate fee); *Tobin v. Gordon*, 614 F. Supp. 2d 514, 524 (D. Del. 2009) (permitting hourly fee rates of $450 and $250 for employment attorneys).

Thus, defense counsel has demonstrated that the time spent, fees, and costs incurred in defending this action are reasonable. Accordingly, the Court finds that Defendant should be

4

awarded $10,800 in attorney's fees and $355.45 in costs.[2]

B. **Motion to Withdraw as Counsel**

In light of Jeffery K. Martin's assertion that his representation of Plaintiff has been rendered unreasonably difficult (D.I. 39 at ¶ 2) and the lack of opposition to his Motion to Withdraw as Counsel, the Court will permit his withdrawal.

III. **CONCLUSION**

For the above reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Attorney's Fees (D.I. 37) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant in the amount of $11,155.45.

2. Jeffery K. Martin's Motion to Withdraw as Counsel (D.I. 39) is **GRANTED**.

3. The Clerk of Court is directed to close this case.

          _____
          UNITED STATES DISTRICT JUDGE

---

[2]Because Plaintiff did not file any objections to Defendant's fee request, the Court is not permitted to adjust the amount of the total fee award. *See Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party."); *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The district court cannot decrease a fee award based on factors not raised at all by the adverse party.") (internal quotation marks omitted).